UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL HICKS,

    Plaintiff,

 v.

J. LIZARRAGA, et al.,

    Defendants.

No. 2:16-cv-0453-JAM-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

  Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After a dismissal pursuant to 28 U.S.C. § 1915A (ECF No. 8), he has filed an amended complaint (ECF No. 15) which is before the court for screening.[1]

  Congress mandates that district courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

/////

---

[1] In light of this filing, the court will vacate the April 3, 2017 recommendation of dismissal.

1

Like the original complaint, the amended complaint concerns plaintiff's request for an "out of level" prison transfer after at least 100 inmates in the administrative segregation unit ("ASU") at Mule Creek State Prison learned that plaintiff was a sex offender. Plaintiff allegedly informed Warden Lizarraga that he was experiencing severe emotional distress because of the constant threats and harassment by other inmates (including one physical assault, which prompted plaintiff's initial placement in the ASU). Plaintiff claims he told Lizarraga that because so many ASU inmates were transferred to Level IV prisons throughout the State, "word would follow" and he would not be safe at another Level IV prison. ECF No. 15 at 9. Plaintiff requested a transfer to the "DTP Unit" at California State Prison, Sacramento. Lizarraga initially responded by retaining plaintiff in the ASU for another 30 days pending a confidential investigation. At the end of those thirty days, Lizarraga ordered an expedited transfer of plaintiff to Kern Valley State Prison, a Level IV facility, after first confirming that plaintiff had no documented enemies there. When plaintiff explained to Lizarraga that he was likely to encounter a "mass of undocumented enemies" at Kern, Lizarraga allegedly responded, "You should have thought about that when you raped that girl. Man up and deal with it." ECF No. 15 at 9. In the year that followed, plaintiff claims he was repeatedly compelled to seek ASU safety placement at different prisons "due to [the] oversaturation of undocumented enemies identifying plaintiff as a sex offender and threatening him with bodily harm while in general population and in the ASU." *Id.* at 11. Plaintiff claims that defendants Elorza and Knight handled the administrative appeal he filed regarding these issues.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). To show a violation of the Eighth Amendment, plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Although Lizarraga's comment to plaintiff conveyed a certain lack of concern for plaintiff's safety, Lizarraga's decision to transfer plaintiff to Kern, after first confirming that plaintiff had no documented enemies there, was a reasonable response to the known risks of harm

plaintiff faced in the Mule Creek ASU. *See Farmer*, 511 U.S. at 844 ("A prison official's duty under the Eighth Amendment is to ensure 'reasonable safety,' . . . ."). Plaintiff's broad fear of undocumented enemies throughout the State's Level IV prisons, including Kern, is not enough to demonstrate that his transfer to Kern posed an "identifiable serious risk" of harm to him for purposes of the Eighth Amendment. *See Davis v. Scott*, 94 F.3d 444, 446-47 (9th Cir. 1996) ("vague and unsubstantiated" allegation that "friends of [plaintiff's] departed enemies remained [in general population] and might try to harm him if he were released" from protective custody established "no solid evidence . . . of an identifiable serious risk to [his] safety" under *Farmer*); *Dixon v. Lavin*, 234 F. App'x 814, 815 (9th Cir. 2007) (plaintiff's allegation that "he would be at risk when returned to a general population yard if other inmates learned he had been on a Special Needs Yard [was] too speculative to support a claim that defendants were deliberately indifferent to his safety when they recommended he be placed on the SNY."). Moreover, "a prisoner does not have a constitutional right to be housed at a particular institution, [or] to receive a particular security classification." *Neal v. Shimoda*, 131 F.3d 818, 828 (9th Cir. 1997) (citations omitted). For these reasons, the complaint fails to state a claim for violation of the Eighth Amendment.

Plaintiff also claims that in addressing plaintiff's related administrative appeal, Elorza stated that she agreed with plaintiff but could not override the Warden's orders. In addition, Knight allegedly failed to properly address plaintiff's appeal at a higher level of review by stating that the appeal raised "new issues." ECF No. 15 at 10. Plaintiff fails to state a viable claim against either defendant, as inmates have no standalone rights with respect to the administrative grievance process. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Williams v. Cate*, No. 1:09-cv-00468-0WW-YNP PC, 2009 U.S. Dist. LEXIS 107920, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Despite notice of the complaint's deficiencies and an opportunity to amend, plaintiff is unable to state a cognizable claim for relief and this action should be dismissed without further leave to amend. *Plumeau v. School Dist. # 40*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

3

Accordingly, IT IS HEREBY ORDERED that the April 3, 2017 findings and recommendations (ECF No. 11) are vacated.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 1, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE